**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHRYN A. FLYNN, | No. 18-73009 |
| Petitioner, | MSPB No. SF-1221-18-0406-W-1 |
| v. | |
| UNITED STATES DEPARTMENT OF THE ARMY, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Merit Systems Protection Board

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Dr. Kathryn A. Flynn petitions pro se for review of the Merit Systems

Protection Board's ("MSPB") final order in her administrative action against the

Department of the Army ("the agency") alleging violations of the Whistleblower

Protection Enhancement Act of 2012, 5 U.S.C. § 2302(b)(8),  arising out of the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's disciplinary decisions and ultimate failure to renew her employment. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B). We review de novo questions of the MSPB's jurisdiction, *Daniels v. Merit Sys. Prot. Bd.*, 832 F.3d 1049, 1054 (9th Cir. 2016), and we affirm.

The MSPB properly dismissed for lack of jurisdiction Flynn's claims related to her filing an Equal Employment Opportunity Commission ("EEOC") complaint and reporting sexual harassment because such complaints fall within the province of the EEOC. *See Daniels*, 832 F.3d at 1051 (explaining that the MSPB jurisdiction is limited to whistleblower disclosures) (citing 5 U.S.C. § 1221(a)); *see also Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 692 n.17 (Fed. Cir. 1992) (noting that "the EEOC framework specifically provides for employees who suffer reprisal for the filing of [an] EEOC complaint").

The MSPB properly dismissed for lack of jurisdiction Flynn's claims related to the agency's alleged lack of transparency because Flynn failed to allege non-frivolous allegations of protected whistleblower activity under Section 2302(b)(8) of the Whistleblower Protection Act ("WPA"). *See* 5 C.F.R. § 1201.4(s) (for purposes of MSPB jurisdiction, a non-frivolous allegation is "more than conclusory," "plausible on its face," and "material to the legal issues in the appeal"); *see also* 5 U.S.C. § 2302(b)(8)(A) (under the WPA, an employee must

"reasonably believe[]" that the disclosure relates to an activity prohibited under the statute); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 890 (9th Cir. 2004) (to determine whether a disclosure relates to a prohibited activity under the WPA, courts examine whether a "'disinterested observer with knowledge of the essential facts . . . reasonably [would] conclude that a disclosure" evidences activity prohibited under the statute (quoting *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999))).

The MSPB properly dismissed Dr. Flynn's remaining claims related to the agency's mismanagement and abuse of government contracts as barred under the doctrine of res judicata because Flynn could have raised these claims in her prior MSPB complaint, MSPB No. SF-1221-14-0620-W-1, which was adjudicated in a final decision on the merits. *See Bldg. Materials & Constr. Teamsters Local No. 216 v. Granite Rock Co.*, 851 F.2d 1190, 1195 (9th Cir. 1988) (res judicata bars relitigation of an administrative determination by a federal agency "when the agency's determinations have been made in a proceeding complying with standards of due process and when the findings are supported by substantial evidence in the administrative record" (citation and internal quotation marks omitted)); *see also Carson v. Dep't of Energy*, 398 F.3d 1369, 1375-76 (Fed. Cir. 2005) (concluding that employee's MSPB petition was barred by a prior MSPB petition under the doctrine of res judicata).

The MSPB did not abuse its discretion by denying Flynn's motion to compel discovery. *See Duggan v. Dep't of Defense*, 883 F.3d 842, 847-48 (9th Cir. 2018) (setting forth standard of review for denial of discovery requests in administrative proceedings); *see also Langer v. Dep't of Treasury*, 265 F.3d 1259, 1265 (Fed. Cir. 2001) (explaining that "the admissibility of evidence is within the sound discretion of the [MSPB]").

We reject as unsupported by the record Flynn's contention that the MSPB did not properly conduct a de novo review of her petition and erroneously relied on the Office of Special Counsel's determination in her prior petition.

**AFFIRMED.**